IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


BRUCE W. KOENIG, #288937                          *
                        Plaintiff,
          v.                                      *  CIVIL ACTION NO. JFM-13-3801

MARYLAND DIVISION OF                              *
  CORRECTION
RODNEY RODERICK                                   *
JOHN WHITE
                        Defendants.               *
                                              *****

MEMORANDUM

Procedural History

          This complaint for injunctive relief and damages, alleges that defendants (a state agency

and classification management personnel) failed to provide plaintiff sufficient free copy work

while housed at the North Branch Correctional Institution ("NBCI").  Plaintiff further asserts that

defendants Gainer and White yelled at him about the volume and nature of his copy work and

had him placed on an inmate job bank, thus 'interfering" with a prison physician's directive to

place him on a no-work status.  ECF No. 1.  He additionally alleges that he informed defendant

Roderick about Gainer and White's actions but Roderick failed to respond to his claims.

Plaintiff also claims that because of the aforementioned actions, in March of 2013, the prison

physician altered his work assignment to light duty-clerical work only.  He contends that the

work assignment caused him to experience an injury and resulted in the removal of his indigency

status, therefore rendering him unable to obtain free copy work.  *Id.*

          Defendants have filed a motion to dismiss or, in the alternative, motion for summary

judgment.  ECF No. 20.  Although afforded several extensions of time, plaintiff has not filed a

response.[1] The case is ready for consideration and defendants' motion, treated as a motion for summary judgment, may be determined without oral hearing.   *See* Local Rule 105.6. (D. Md. 2014).

Standard of Review

Because matters outside the pleadings will be considered, defendants' motion shall be treated as a motion for summary judgment.  Summary judgment is governed by Fed. R. Civ. P. 56(a), which provides that: "The court shall grant summary judgment  if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

The "party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to ... the nonmovant, and draw all reasonable inferences in [his] favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644–45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent

---

[1] Defendant's motion for summary judgment was filed on September 22, 2014.  Plaintiff was granted four separate extensions and was to file an opposition by May 7, 2015.  Plaintiff has been provided over six months to file an opposition and has not filed a response.

2

factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986)).

In *Anderson,* 477 U.S. at 249, the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex Corp.*, 477 U.S. at 322–23. Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

Analysis

Defendant Gainer, plaintiff's case manager, submits that he provided legal copy work for plaintiff on August 21, 2012, September 6, 2012, September 25, 2012, October 2, 2012, November 7, 2013, November 26, 2013, December 4, 2013, and December 18, 2013, in compliance with Division of Corrections Directives for indigent inmates. ECF No. 20-1, Gainer Decl. Defendants state that plaintiff received rule infractions on July 19, 2002, was found

3

guilty, and sanctioned with a 90-day segregation term.    ECF No. 20-2, White Decl.

Defendant Gainer recommended that plaintiff receive an early removal from segregation on September 26, 2012, and be assigned to the NBCI job bank sanitation.  This recommendation was approved two days later on September 28, 2012.  *Id*.  Plaintiff was moved from Housing Unit 1 (special confinement housing) to Housing Unit 4 (general population) on October 5, 2012. Gainer remained plaintiff's case manager until his transfer to the Western Correctional Institution ("WCI") on January 15, 2014.  ECF No. 20-1, Gainer Decl.  Gainer affirms that on October 23, 201, he conducted an annual security review for plaintiff in absentia and recommended that plaintiff's security level be reduced from maximum to medium security.  This recommendation was approved on November 18, 2013.  *Id*.

Plaintiff remained assigned to Housing Unit 4 sanitation from January 24, 2013, until his transfer to WCI.  He was assigned to the Housing Unit 2 job bank at his first assignment at WCI and was moved to Housing Unit 1 on June 26, 2014, when his assignment was modified to Housing Unit 1 sanitation.  *Id*.

 Defendant Gainer maintains that while plaintiff was assigned to his caseload, he did not yell at him.  He intimates, however, that plaintiff claimed to have a hearing impairment and often asked him to speak louder to allow him to hear more clearly.  *Id*.  Defendant White states that he first met with plaintiff on October 22, 2012, to discuss his security review instrument.  White affirms that plaintiff did not discuss his institutional job assignment and did not mention his "no work status" at that meeting.  ECF No. 20-1, White Decl.  White further states that on November 26. 2012, he received plaintiff's request dated November 5, 2012, requesting legal copies.  White affirms that upon plaintiff's arrival at White's office, plaintiff indicated that he had already received copies from the NBCI Librarian.  *Id*.

4

Defendant White also maintains that he met with plaintiff on December 4, 2012, in response to a request for base file copy work.   ECF No. 20-2, White Decl.   Plaintiff submitted copy work to White and they were in turn submitted for photocopying to the NBCI Librarian and returned to plaintiff upon completion.   *Id.*

Five days after his assignment to the Housing Unit 4 Sanitation detail, on January 29, 2013, White met with plaintiff in response to another request for legal copy work.[2]   Plaintiff stated that he had recently been placed on Housing Unit 4 Sanitation, was unable to work, and had a medical report so indicating.  White's supervisor recommended that plaintiff be placed "off all calls" until medical personnel could clarify the medical assignment order, which was due to expire on February 28, 2013.  *Id.*  White drafted a memo to the prison physician, setting out two potential job duties plaintiff could perform and asked the physician to review the job duties and to make a determination whether plaintiff could perform them.   The physician indicated that plaintiff could perform one of the job assignments (cleaning tables).  Custody was given specific instructions as to the limitations on plaintiff's job duties to "only the task approved by medical staff."   *Id.*   White affirms that at no time during his contact with plaintiff did he yell at him, but suggests that plaintiff had informed him several times that he is hard of hearing and that he needed White to speak up so that he could understand him.

Defendants claim that there is no constitutional right to free copy work and in any event the record is clear that defendants Gainer and White provided plaintiff with requested photocopies of legal materials as required by agency regulations and plaintiff has failed to show that defendants' actions (or inactions) interfered with his right of access to the courts.   They further claim that plaintiff has failed to show that in placing him on a sanitation detail to clean

---

[2]      White states that he made photocopies or reviewed legal documents for plaintiff on at least eleven occasions from October 5, 2012 to October 15, 2013.  ECF No. 20,-2, White Decl.

tables and chairs defendants were deliberately indifferent to his medical conditions and disabilities.[3]  The court agrees.

Conclusion

Having found no genuine dispute of material fact justifying a trial on the merits in this case, the court shall grant defendants' motion for summary judgment by separate order.

Date: June 8, 2015                         ___/s/_____
                                           J. Frederick Motz
                                           United States District Judge

---

[3]      Moreover, defendants assert that the Maryland Division of Corrections ("DOC") is not a person within the meaning of 42 U.S.C. § 1983.   The court concurs with this affirmative defense. Defendant DOC is a state agency operating as a division of the Maryland Department of Safety and Correctional Services.  *See* Md. Code. Ann., Corr. Servs., Art., §§ 1-101(g) and 3-201.   Neither a state nor an agency of a state is a "person" within the meaning of 42 U.S.C. § 1983.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-65 & 70-71 (1989).  Moreover, state agencies are immune from liability under the Eleventh Amendment from a § 1983 suit in federal court without regard to the nature of the relief sought.  *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-01 (1984); *C.H. v. Oliva*, 226 F.3d 198, 201 (3rd Cir. 2000). Consequently, the complaint against DOC is subject to dismissal for want of jurisdiction.